UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

David Coleman,

                Plaintiff,        Case No. 14-cv-13860
                                        Hon. Judith E. Levy

v.                                       Mag. Judge David R. Grand

Michael Story, et al.,

                Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS [11]**

This case arises from plaintiff David Coleman's arrest and the confiscation of weapons and other personal property from his home. Defendants are the chief and several officers of the police department in the Village of Holly, Michigan. Before the Court is defendants' motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). (Dkt. 11.) For the reasons set forth below, the Court will grant the motion.

**I.    Background**

On October 1, 2011, eight officers from the Holly, Michigan police department executed a search warrant at plaintiff's residence. (Compl.

¶ 6.) Among them were the defendants: Officer Michael Story, Officer Kenneth Bean, Officer Coleman, Officer Simpson, Officer Garcia, and Officer Bob. (Id. ¶¶ 2, 7.) Plaintiff alleges the search warrant was mistakenly executed at his residence, as the warrant was for a different David Coleman. (Id. ¶ 10.) Plaintiff further alleges defendants seized a number of weapons belonging to him. (Id. ¶ 7.) Although some of the weapons were returned, plaintiff alleges a .22-caliber Smith& Wesson revolver, a Remington rifle, two crossbows, and an unspecified amount of ammunition have not been returned. (Id. ¶ 11.)

On March 7, 2013, plaintiff, along with Candace Coleman, brought suit against the Holly Police Department and Holly Township in the 52-2 District Court in Oakland County, Michigan. (See Dkt. 8, Ex. A to Defs.' Answer 19-20; Dkt. 14-2, Ex. 1 to Defs.' Reply.) Plaintiff sought recovery of the seized property – namely, weapons, ammunition, and cash – as well as $20,000 in damages. (Dkt. 14-2, Ex. 1 to Defs.' Reply.) The court entered a stipulated order on July 20, 2013, by which "any claims for money damages Plaintiffs have (or could have) brought as part of this lawsuit" were dismissed with prejudice. (Dkt. 8, Ex. A to Defs.' Ans. 19-20.) On August 29, 2013, the court entered an order that

¶ 6.) Among them were the defendants: Officer Michael Story, Officer Kenneth Bean, Officer Coleman, Officer Simpson, Officer Garcia, and Officer Bob. (Id. ¶¶ 2, 7.) Plaintiff alleges the search warrant was mistakenly executed at his residence, as the warrant was for a different David Coleman. (Id. ¶ 10.) Plaintiff further alleges defendants seized a number of weapons belonging to him. (Id. ¶ 7.) Although some of the weapons were returned, plaintiff alleges a .22-caliber Smith& Wesson revolver, a Remington rifle, two crossbows, and an unspecified amount of ammunition have not been returned. (Id. ¶ 11.)

On March 7, 2013, plaintiff, along with Candace Coleman, brought suit against the Holly Police Department and Holly Township in the 52-2 District Court in Oakland County, Michigan. (See Dkt. 8, Ex. A to Defs.' Answer 19-20; Dkt. 14-2, Ex. 1 to Defs.' Reply.) Plaintiff sought recovery of the seized property – namely, weapons, ammunition, and cash – as well as $20,000 in damages. (Dkt. 14-2, Ex. 1 to Defs.' Reply.) The court entered a stipulated order on July 20, 2013, by which "any claims for money damages Plaintiffs have (or could have) brought as part of this lawsuit" were dismissed with prejudice. (Dkt. 8, Ex. A to Defs.' Ans. 19-20.) On August 29, 2013, the court entered an order that

"any and all guns, rifles, and ammunition . . . seized from David Paul Coleman on October 1, 2011 (at 4041 Grange Hall Rd., #22 in Holly Michigan) by the Holly Police Department, Shall [sic] be immediately returned to the [sic] David Paul Coleman upon the date of entry of this Order." (Dkt. 11-3, Ex. 2 to Defs.' Mot.) This was a final order that closed the case. (Id.)

Plaintiff filed this action on October 6, 2014. (Dkt. 1.) He brings a claim under 42 U.S.C. § 1983 for violation of his Fourth and Fourteenth Amendment rights (Count I), as well as state-law claims for malicious prosecution (Count II) and conversion (Count III).

## II. Standard

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard is the same as that for motions under Fed. R. Civ. P. 12(b)(6). *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."

*Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 240 (6th Cir. 2011) (citation omitted). A motion for judgment on the pleadings should be granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007).

In deciding a 12(c) motion, the court may consider the pleadings, exhibits attached to the pleadings, matters incorporated by reference into the pleadings, and judicially-noticed facts. *See Henry v. Chesapeake Appalachia, L.L.C.*, 739 F.3d 909, 912 (6th Cir. 2014) (applying Rule 12(b)(6) standard to Rule 12(c) motion); *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998) (judgment on the pleadings "can be rendered by looking to the substance of the pleadings and any judicially noticed facts" (quoting *Hebert Abstract Co., Inc. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990))).

### III. Analysis

#### A. *Res judicata* and waiver

Defendants argue that all of plaintiff's claims are barred by *res judicata,* based on the 52-2 District Court action, and by plaintiff's

4

waiver of all claims for monetary damages that could have been brought in that action.

"Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816-17 (6th Cir. 2010). This Court must accordingly apply Michigan *res judicata* law in determining whether plaintiff's claims are barred. *See Doe v. Jackson Local Schs. Sch. District*, 422 F. App'x 497, 500 (6th Cir. 2011).

Under Michigan law, *res judicata* "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. State*, 470 Mich. 105, 121 (2004).

The first two factors are easily met here. The state court action was decided on the merits: a final order was entered and the case closed. (See Dkt. 11-3, Ex. 2 to Defs.' Mot.)

As to the parties, David Coleman is the plaintiff in both cases. The defendants in the state court action were Holly Township and the Holly Police Department; here the defendants are individual officers

5

employed by the Holly Police Department. As such, the defendants here are in privity with the defendants in the state court action. *Crawford v. Chabot*, 202 F.R.D. 223, 227 (W.D. Mich. 1998) (holding that "[a] government official sued in his or her official capacity is considered to be in privity with the government"); *see also Adair*, 470 Mich. at 102 (holding that "a perfect identity of the parties is not required, only a substantial identity of interests that are adequately presented and protected by the first litigant").

As for the third factor, Michigan courts apply *res judicata* broadly, "holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.* (citing *Dart v. Dart,* 460 Mich. 573, 586 (1999)). "[T]he determinative question is whether the claims in the instant case arose as part of the same transaction as" the claims in the 52-2 District Court case. *Id.* at 125. "Whether a factual grouping constitutes a transaction for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in *time, space, origin or motivation,* [and] whether they form a convenient trial unit . . . " *Id.* (citation omitted).

6

Here, the facts giving rise to plaintiff's claims are clearly related in time, space, origin, and motivation to the facts that gave rise to his claim in the state court action. In fact, all of the claims here arise from the same set of facts as did plaintiff's state court claim: namely, the October 1, 2011 execution of the search warrant, arrest of plaintiff, and seizure of plaintiff's weapons. As pleaded, there is no reason why plaintiff, with due diligence, could not have asserted his present claims in the state court action.

Plaintiff's argument regarding the limited scope of the state court action is unavailing. The state court did not compel plaintiff to file a complaint only for claim and delivery; plaintiff chose to limit his complaint in that manner. In other words, plaintiff's constitutional, malicious prosecution, and conversion claims could easily have been resolved in the state court action. Plaintiff's claims are thus barred by *res judicata*.

Plaintiff's waiver, in the state court action, of "any claims for money damages Plaintiffs have (or could have) brought as part of this lawsuit" likewise bars his claims here. (Dkt. 8, Ex. A to Defs.' Ans. 19-20.) As discussed above, the facts supporting plaintiff's claims here

7

were readily known to him at the time of the state court action. The claims here thus qualify as claims for money damages plaintiff could have brought as part of his state court suit.

### B. Statute of limitations

Plaintiff's constitutional claims (Count I) must be dismissed for the additional reason that those claims are time-barred.[1] Michigan's personal injury statute of limitations applies to § 1983 actions. *See Wilson v. Garcia*, 471 U.S. 261 (1985). The relevant statute of limitations is three years. Mich. Comp. Laws § 600.5805. Plaintiff's constitutional claims accrued on October 1, 2011, and he filed his complaint in this matter over three years later, on October 6, 2014. (Dkt. 1.)

## IV. Conclusion

Accordingly, defendants' motion for judgment on the pleadings (Dkt. 11) is GRANTED; and

---

[1] Defendants also argue that plaintiff's malicious prosecution claim is time-barred. But the Court cannot determine, from the record on this motion, when the criminal proceedings against plaintiff were resolved, and thus when plaintiff's malicious prosecution claim accrued. Likewise, because no records have been submitted relating to plaintiff's plea and conviction in the criminal proceedings, the Court cannot consider defendants' argument that plaintiff's guilty plea prevents him from establishing an element – lack of probable cause – of his malicious prosecution claim.

Plaintiff's complaint is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: July 1, 2015    s/Judith E. Levy
Ann Arbor, Michigan    JUDITH E. LEVY
                       United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 1, 2015.

                       s/Felicia M. Moses
                       FELICIA M. MOSES
                       Case Manager